Henry Silverman, J.
Assuming that defendants Romano and Chesler were not compelled to serve an answer to the cross claim served upon them hy the moving defendant and that the cross claim is deemed to be denied by the named defendants, it does not at all follow that the named defendants can with impunity willfully fail to attend for an examination before trial pursuant to a notice therefor served upon them by the moving defendant. Just as the allegations of the cross complaint may be deemed denied, they may be deemed admitted by the willful failure of a defendant to respond to the notice for his examination. Accordingly, and it appearing that the defendant Samuel Chesler has offered no facts to excuse or even explain his failure to so attend for examination other than the conclusory allegation that it was “ completely inadvertent ”, the motion is granted and the defendant Samuel Chesler is deemed to have admitted all of the material allegations of the cross claim asserted against him in paragraphs 6 to 20, inclusive, of the answer of defendant Julian Ronshen, unless said defendant Samuel Chesler attends for examination before trial pursuant to said notice at Special Term, Part II, at 11:00 a.m., on January 10, 1957, and produces for use pursuant to section 296 of the Civil Practice Act, all relevant books, records and papers.
As to the defendant Alfred Romano, it does not appear just when he entered the army; or, if said defendant was at any time available for examination prior to entering the service, why he was not submitted for such examination. The fact that he was no longer employed by the codefendant Chesler is of no moment as his examination is sought as a party, not as an employee. Leave is given said defendant Romano, or *847 his counsel, to serve and file a supplemental affidavit in accordance with the foregoing within 21 days after the publication of this memorandum in the New York Law Journal, with leave to defendant Ronshen to serve and file a reply thereto within seven days after receiving a copy thereof. In addition to the foregoing, defendant Romano shall disclose his army address, rank and serial number, when his tour of duty is expected to terminate and when it is expected that he will be discharged from the army. If it appears that the defendant Romano will not be discharged from the army in the near future, consideration should be given to the taking of his testimony by means of written interrogatories and cross interrogatories ; or, if said defendant is stationed in or near New York City, to his personal attendance at this court for submission to oral examination before trial. Unless and until a stay of proceedings has been obtained under article XIII of the New York Military Law (see especially § 304 thereof), it is not to be assumed that a party alleged to be in the military service is automatically immune from submission to examination before trial, and it is therefore incumbent upon counsel for the defendant Romano to advise the court fully by affidavit as to all of the foregoing matters. The moving party will please requisition the file to chambers upon filing his reply affidavit as all papers have been sent to the record room.